STANISLAWA KUKOWSKI, RELATOR, v. JOHN RATH, BUILDING INSPECTOR; ALONZO FRENCH, IN CHARGE OF ISSUANCE OF BUILDING PERMITS; JOSEPH MINTON, LUCIUS DONOHUE, BERT DALY, HOMER AXFORD AND GEORGE E. KEENAN, BOARD OF COMMISSIONERS OF THE CITY OF BAYONNE, DEFENDANTS.

Argued May term—Decided October 22, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the relator, *Benjamin Nessenbaum.*

For the defendants, *James Benny.*

PER CURIAM.

The relator is the owner of a plot of land about thirty-nine feet wide by one hundred and fourteen feet deep at the corner of East Third street and Broadway, in the city of Bayonne. A two-family dwelling house has been erected on the Broadway side of the plot, while in the rear thereof, facing East Third street, an old building is now used for garage purposes.

The relator made application to the defendants for the purpose of obtaining the necessary consent or permission to replace the garage structure with a brick one-story building to be used as a grocery and delicatessen about the same width as the garage.

Broadway is the main business thoroughfare of Bayonne throughout its entire length, and the whole neighborhood has assumed the character of a business environment. Automobile buses stop in the neighborhood of the property in question to take on and discharge passengers. Large factories are erected within the immediate vicinity, while car barns used for the street railway cars are within a few blocks of the *locus in quo.* There is also in operation a large amusement park within a few blocks of the place. The property in question, therefore, is important as a business asset because of its commercial possibilities.

In this situation the relator applied for a permit for the purpose of erecting the proposed one-story structure. This was refused, and from this refusal she appealed to the commissioners of the city, who have refrained from taking any action thereon upon the ground that the neighbors object to the issuing of the permit.

The relator tendered the necessary fees and complied with all the requirements concerning the filing of plans and specifications under the provisions of the building code. There is no zoning ordinance in the city. Her appeal to the board of commissioners of the city was made on the 25th of April, 1928. The commissioners referred the application to the city

attorney, who referred the matter back to the city commissioners, who have in turn referred it to a sub-committee. No action whatever has been taken upon the application, and the defendants neither refuse nor grant the concession asked by the relator.

No objection has been made that the plans and specifications are not in compliance with the building ordinances of the city nor with the municipal regulations thereof, while it is in evidence that permits have been issued for the erection of other stores in the immediate neighborhood, to which objections similar to those now advanced might well be held applicable.

The difficulty in the present instance is that the commissioners in whose hands the matter rests have failed to take action for or against the granting of this permit, and no legal reason seems to exist why they should at least not act in the matter, nor does counsel on the argument advance any satisfactory reason to warrant the inactivity of the defendants.

Under the circumstances a writ of *mandamus* will be allowed to compel the defendants to take action in the matter. For that purpose a writ of *mandamus* against the defendants will be allowed.